JUDGE WOODS

# 14 CV 7545

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHNNY ROBINSON and KELLY JARVIS,
individually and on behalf of all others similarly
situated,

            Plaintiffs,

            vs.

MERCHANT SOURCE INC.; VIKING
FUNDING GROUP, INC.; GEORGE M. GRECO
JR.; TIM ROACH in their individual and
professional capacities,
            Defendants.

Civil Action No.

**CLASS ACTION COMPLAINT FOR
DAMAGES, RESTITUTION AND
INJUNCTIVE RELIEF**

**JURY TRIAL DEMAND**



Plaintiffs, individually and on behalf of all others similarly situated, by their attorneys,

Harris, O'Brien, St .Laurent & Chaudhry LLP, allege, upon personal knowledge and upon

information and belief as to other matters, as follows:

## NATURE OF ACTION

1.     This is a collective and class action brought by Individual and Representative

Plaintiffs Johnny Robinson and Kelly Jarvis and all putative plaintiffs (collectively "Plaintiffs"),

on their own behalf and on behalf of the proposed class identified below.

2.     Plaintiff and the putative class members were previously, or are currently,

employed by Defendants Merchant Source, Inc. ("MSI"), Viking Funding Group, Inc. ("Viking

Funding," together with MSI, the "Corporate Defendants"), President and Director of MSI and

Viking Funding George Greco Jr. ("Greco"), and Chief Financial Officer and Director of Viking

Funding Tim Roach ("Roach" together with Greco, the "Individual Defendants") (collectively,

"Defendants"), as Inside Sales Representatives or other comparable positions in their New York

1

offices and were denied minimum wage and overtime compensation as required by federal and state wage and hour laws.

3.      Plaintiff and the putative class members are similarly situated under Federal Rule of Civil Procedure 23 and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

4.      The Collective Class is made of all persons who are or have been employed by Defendants as Inside Sales Representatives, including but not limited to, Funding Specialists, Sales Executives, Closers, Sales Brokers, and any other similarly situated employees, at any time within the United States within the period of three years prior to the filing date of this Complaint through the date of the final disposition of this action (the "Collective Class Period") and who were subject to Defendants' unlawful practices of paying "no overtime, period," failing to pay Plaintiff and the putative class a guaranteed draw at an hourly rate higher than the statutory state and federal minimum wage, and misclassifying Plaintiff and the Collective Class as non-employee independent contractors not subject to federal and state overtime and minimum wage compensation requirements.

5.      The Class is made up of all persons who are or have been employed by Defendants as Inside Sales Representatives, including but not limited to, Funding Specialists, Sales Executives, Closers, Sales Brokers and any other similarly situated employees, within the State of New York within the period of six years prior to the filing date of this Complaint ("the Class Period") and who were subject to Defendants' unlawful practice paying "no overtime, period," failing to pay Plaintiff and the putative class a guaranteed draw at an hourly rate higher than the statutory state and federal minimum wage, and misclassifying Plaintiff and the Collective Class as non-employee independent contractors.

6.      During the Collective Class Period and the Class Period, Defendants unlawfully failed to pay Plaintiff, the Collective Class and the Class: (1) lawful overtime premiums for all

hours worked over forty in a given workweek, (2) the federal and state statutory minimum hourly wage, and (3) their additional hour of work at the minimum wage as required by the spread of hours provision in the NYLL and applicable regulations.

7.      Plaintiff seeks relief for the Collective Class under the FLSA and the Class pursuant to the applicable provisions of the New York Labor Law ("NYLL"), to remedy the Defendants' failure to pay all wages due, in addition to injunctive relief.

8.      Plaintiffs' investigation has revealed that Defendants' Inside Sales Representatives workforce is not paid overtime compensation pursuant to uniform policy and without regard for job title.

9.      All of Defendants' Inside Sales Representatives are inappropriately classified as exempt employees under the FLSA and the NYLL.

10.     As such, none of Defendants' Inside Sales Representatives have been properly paid lawfully earned overtime and minimum wages.

## PARTIES

11.     At all relevant times herein, the Individual and Representative Plaintiff Johnny Robinson resided in Brooklyn, New York.

12.     At all relevant times herein, Individual and Representative Plaintiff Kelly Jarvis resided in Queens, New York.

13.     From on or about April 21, 2014 through on or about June 2, 2014, Plaintiff Johnny Robinson was employed by Defendants in their New York, New York office as a Funding Specialist.

14.     From on or about March 3, 2014 through on or about June 10, 2014 Plaintiff Kelly Jarvis was employed by Defendants in their New York, New York office as a Funding Specialist.

3

15.     At all relevant times herein, Defendant MSI maintained a principal place of business at 110 Jericho Turnpike, Floral Park, NY 11001.

16.     Defendant MSI is a domestic corporation, incorporated under the laws of New York State, and doing business in New York State.

17.     At all relevant times herein, Defendant MSI met the definition of Plaintiff's "employer" under all applicable statutes.

18.     At all relevant times herein, Defendant Viking Funding, upon information and belief, maintains a principal place of business at 110 Jericho Turnpike, Floral Park, NY 11001.

19.     Defendant Viking is a domestic corporation, incorporated under the laws of New York State, and doing business in New York State.

20.     At all relevant times, Defendant Viking met the definition of Plaintiff's "employer" under all applicable statutes.

21.     At all relevant times herein, Defendant Greco, upon information and belief, maintains a personal residence in or around Suffolk County, New York.

22.     Defendant Greco meets the definition of Plaintiff's "employer" under all applicable statutes.

23.     Upon information and belief, Defendant Greco is one of the top 10 largest shareholders pursuant to Section 630(a) of New York Business Corporations Law of the Corporate Defendants and, as such, is individually liable for unpaid wages due his employees.

24.     At all relevant times herein, Defendant Roach, upon information and belief, maintains a personal residence is in or around Chicago, Illinois which is in Cook County.

25.     Defendant Roach meets the definition of Plaintiff's "employer" under all applicable statutes.

4

26.     Upon information and belief, Defendant Roach is one of the top 10 largest shareholders pursuant to Section 630(a) of New York Business Corporations Law of the Corporate Defendants and, as such, is individually liable for unpaid wages due his employees.

27.     The Corporate Defendants have operated together as a common enterprise in conducting business, including the business practices described in this Complaint.

28.     The Corporate Defendants are interrelated companies that have common ownership, officers, managers and business functions.

## JURISDICTION AND VENUE

29.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs state law claims pursuant to 28 U.S.C. § 1367.  The Court also has jurisdiction over Plaintiffs state law claims pursuant to 28 U.S.C. § 1332.

30.     In addition, the Court has jurisdiction over Plaintiffs claims under the FLSA pursuant to 29 U.S.C. § 207 *et seq*.

31.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

32.     Venue is proper in the United States District Court, Southern District of New York pursuant to 28 U.S.C. § 1391, because the wage violations which give rise to Plaintiffs claims occurred in this District, insofar as Plaintiffs worked for Defendants at an office located in Manhattan.

33.     Defendants are subject to personal jurisdiction in New York.

## FACTUAL ALLEGATIONS

34.     Defendant MSI, managed and financed through Defendant Viking Funding, provides cash advances and merchant services to small and medium-sized businesses.

35.     Upon information and belief, Defendant MSI was formed and founded by Individual Defendants on or about April 10, 2008.

36.     Upon information and belief, Defendant Viking Funding was formed and founded by Individual Defendants on or about April 5, 2011.

37.     Defendants' staff consists entirely of Inside Sales Representatives hired to solicit new merchants interested in credit card processing services, cash advances, and contract renewals for merchants who have completed a cash advance cycle.

38.     Upon information and belief, Corporate Defendants employ approximately forty (40) to sixty (60) employees who fall within the scope of the class and collective actions.

39.     The primary job functions performed by the Defendants' Inside Sales Representatives, include, but are not limited to, (1) obtaining commitments from merchants for cash advances, (2) explaining the contractual details of those cash advances, (3) pursuing renewal commitments from existing merchant clients, (4) leasing processing terminals and other equipment to merchants receiving cash advances, and (5) developing and pursuing leads.

40.     Defendants had no formalized mechanism for recording, reporting and/or preserving records of all hours worked by Plaintiff and the putative class members, and as such, they failed to maintain and/or preserve any records of the hours Plaintiff and the putative class members worked.

## COLLECTIVE ACTION ALLEGATIONS

41.     Plaintiff brings FSLA claims on behalf of herself and other employees similarly situated as authorized under 29 U.S.C. § 216(b).  The employees similarly situated are:

**Collective Class:**     Inside Sales Representatives, including but not limited to, Funding Specialists, Sales Executives, Closers, Sales Brokers, and all others employed in similar positions who are, or have been, employed by Defendants in any U.S. office, at any point during the Collective Class Period, and who (i) were misclassified as independent

contractors and/or (ii) earned and were not paid lawful overtime premiums under the FLSA or the applicable federal statutory minimum wage for each week of their employment.

42.    Defendants employed Plaintiff during the Collective Class Period.

43.    At all times during the Collective Class Period, Defendants ratified a policy of "no overtime, period" and intentionally and willfully failed to pay lawful overtime premiums to Plaintiff and the putative collective class.  Defendants similarly authorized a misclassification of all of their Inside Sales Representatives, including Plaintiff, as FLSA exempt independent contractors and have, as a matter of policy, not paid them lawful overtime premiums for hours worked in excess of forty hours in a work week. Plaintiff and the class suffered actual monetary loss guaranteed under the FLSA.

44.    Upon information and belief, all Inside Sales Representatives employed by Defendants are improperly classified independent contractors under the FLSA, in accord with a common policy applicable to the entire Collective Class.

45.    Upon information and belief, all Inside Sales Representatives have worked on average fifty hours per workweek for the duration of the Collective Class Period.

46.    Plaintiff and other members of the Collective Class also frequently worked a "spread of hours" or a shift longer than ten (10) hours per day.

47.    Plaintiff and other members of the Collective Class were not paid the applicable federal overtime and minimum wages for all of the hours they worked during the Collective Class Period and suffered actual monetary loss guaranteed under the FLSA.

48.    Defendants have exercised sufficient supervision, direction and control over Plaintiff and the Collective Class by, including but not limited to, (1) requiring them to work the majority of the workday in a central corporate office furnished by the Defendants and using

business-related equipment, furniture, computers and other implements paid for and supplied by Defendants; (2) requiring them hold themselves out as employees of MSI when they engaged in sales-related interactions with customers and potential customers; (3) controlling all of the terms and conditions of their employment, including their commission rate and compensation, policies and practices they were required to follow; (4) providing them with sales leads to act upon; (5) prohibiting them from engaging in outside employment for competing businesses or become self-employed approved, except in the event of a rare advanced approval; and (6) requiring them to sign and abide by a non-compete agreement as part of their employment contract.

49.     As such, for the purposes of this action, Plaintiff and the Collective Class were misclassified as independent contractors and are, in fact, employees under the relevant law.

50.     Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

51.     Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class.

52.     There are numerous similarly situated current and former employees of Defendants who were subject to the aforementioned policies in violation of the FLSA who would benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit.

53.     These similarly situated employees are known to the Defendants and are readily identifiable through Defendants' records.

## CLASS ALLEGATIONS

54.     Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure,  on behalf of herself and the following defined class:

**Proposed Class:** Inside Sales Representatives, including but not limited to, Funding Specialists, Sales Executives, Closers, Sales Brokers, and all others employed in similar positions who are, or have been, employed by Defendants, in any New York office, at any point during the Class Period, and who (i) were misclassified as independent contractors and/or (ii) earned and were not paid lawful overtime premiums under the NYLL or the applicable New York State statutory minimum wage for each week of their employment.

55.     Defendants employed Plaintiff during the Class Period.

56.     At all times during the Class Period, Defendants ratified a policy of "no overtime, period" and intentionally and willfully failed to pay lawful overtime premiums to Plaintiff and the putative class.  Defendants similarly authorized a misclassification of all of their Inside Sales Representatives, including Plaintiff, as FLSA exempt independent contractors and have, as a matter of policy, not paid them lawful overtime premiums for hours worked in excess of forty hours in a work week. Plaintiff and the class suffered actual monetary loss guaranteed under the NYLL.

57.     Upon information and belief, all Inside Sales Representatives are improperly classified by the Defendants as independent contractors under the NYLL, in accord with a common policy applicable to the entire Class.

58.     Upon information and belief, all Inside Sales Representatives have worked on average fifty hours per workweek for the duration of the Class Period.

59.     Plaintiff and other members of the Class also frequently worked a "spread of hours" or a shift longer than ten (10) hours per day.

60.     At all times during the Class Period, Defendants authorized a policy of paying "no overtime, period" and further misclassifying all of its Inside Sales Representatives, including Plaintiff, as exempt independent contractors and have, as a matter of policy, not paid them the

statutory minimum wage for all hours worked.  Plaintiff and the class suffered actual monetary loss guaranteed under the NYLL.

61.    Plaintiff and other members of the Class were not paid the applicable New York State minimum wage for all of the hours they worked during the Class Period.

62.    Defendants have exercised sufficient supervision, direction and control over Plaintiff and the Class by, including but not limited to, (1) requiring them to work the majority of the workday in a central corporate office furnished by the Defendants and using business-related equipment, furniture, computers and other implements paid for and supplied by Defendants; (2) requiring them to hold themselves out as employees of MSI when they engaged in sales-related interactions with customers and potential customers; (3) controlling all of the terms and conditions of their employment, including their commission rate and compensation, policies and practices they were required to follow; (4) providing them with sales leads to act upon; (5) prohibiting them from engaging in outside employment for competing businesses or become self-employed approved, except in the event of a rare advanced approval; and (6) requiring them to sign and abide by a non-compete as part of their employment contract.

63.    As such, for the purposes of this action, Plaintiff and the Class were misclassified as independent contractors and are, in fact, employees under the relevant law.

64.    Numerosity:    The Class is so numerous that joinder of all members is impracticable.  Plaintiff alleges, upon information and belief, that during the class period, Defendants employed over forty people who satisfy the definition of the Class.

65.    Typicality:    The Plaintiff's claims are typical of the members of the Class. Plaintiff is informed and believes that, like other Inside Sales Representatives, the putative plaintiffs were subject to the aforementioned unlawful policies during the Class Period.  Plaintiff had the same duties and responsibilities as other Class members, was subjected to Defendants'

10

policy and practice of unlawfully failing to pay all members of the class lawful overtime wages and/or Defendants' misclassification of Independent Sales Representatives as independent contractors exempt from the FLSA and NYLL.

66.     Superiority:     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

67.     Adequacy:     Plaintiff will fairly and adequately protect the interests of the Class members, and has retained counsel experienced in complex FLSA and NYLL class and collective action litigation.

68.     Commonality:  Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class, including but not limited to:

a.   Whether Defendants improperly classified the Class of Inside Sales Representatives as exempt under the NYLL;

b.   Whether Defendants unlawfully failed to pay appropriate overtime compensation to members of the Class in violation of NYLL;

c.   Whether Defendants unlawfully failed to pay the state statutory minimum wage to members of the Class in violation of the NYLL;

d.   Whether Defendants employed Plaintiff and members of the Class within the meaning of New York law;

e.   The proper measure of damages sustained by members of the Class; and

f.   Whether Defendants' actions were "willful."

69.     The case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the Class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants.

11

70.     Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

71.     Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

72.     Defendants' common and uniform policies and practices denied the Class the wages to which they are entitled.

73.     The damages suffered by the individual Class members are small compared to the expense and burden of individual prosecution of this litigation.

74.     In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

75.     Plaintiff intends to send notice to all members of the Class to the extent required by Rule 23.  The names and addresses of the Class are available from Defendant.

**AS AND FOR A FIRST CAUSE OF ACTION**
**(Unlawful Failure to Pay Overtime Compensation under the Fair Labor Standards Act)**

76.     Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

77.     Plaintiffs consented in writing to be a part of this action, pursuant to 29 U.S.C. § 216(b).  Plaintiffs' written consent form is attached hereto.

78.     Plaintiffs anticipate that as this case proceeds, other individuals will sign consent forms and join as plaintiffs.

79.     At all relevant times, Defendants have been an "employers" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

80.     At all relevant times, Defendants have been "employers" that employ and continue to employ employees, including the Collective Class members.

81.     At all relevant times, upon information and belief, Defendants had gross operating revenues in excess of $500,000.00.

82.     The Individual Defendants exercised control over the nature and structure of the employment relationship and economic control over the relationship such that they are "employers" under the FLSA and are therefore individually subject to liability.

83.     The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

84.     During their employment with Defendants, within the applicable statute of limitations, Plaintiff and the Collective Class members worked in excess of forty hours per workweek without lawful overtime compensation.

85.     Throughout their employment, the Inside Sales Representatives earned only minimum wage.

86.     Despite the hours worked by Plaintiff and the Collective Class members, Defendants willfully, in bad faith, and in knowing violation of the FLSA, failed and refused to pay them overtime compensation.

87.     By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the Collective Class, Defendants have failed to make, keep, and preserve records

13

with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practices of employment, in violation of the FLSA, 29 U.S.C. § 201, et seq.

88.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C §§ 216(b) and 255(a), and such other legal and equitable relief as the Court deems just and proper.

89.     Plaintiff, on behalf of themselves and the Collective Class, seek recovery of attorneys' fees and costs to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
### (New York Labor Law: Unpaid Overtime Wages)

90.     Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

91.     At all relevant times, Plaintiff was an employee and the Defendants have been an employer within the meaning of the NYLL.

92.     The Individual Defendants exercise control over the nature and structure of the employment relationship and economic control over the relationship such that they are "employers" under the FLSA and NYLL and are therefore individually subject to liability.

93.     The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants.

94.     Defendants have failed to pay Plaintiff and the Class the overtime wages to which they were entitled under the NYLL.

95.     During their employment with Defendants, within the applicable statute of limitations, Plaintiff and the other Class worked in excess of forty hours per workweek without lawful overtime compensation.

96.     By Defendants' failure to pay Plaintiff and the Class members premium overtime wages for hours worked in excess of forty hours per week, they have willfully violated Article 19, §§ 650 et seq. of the NYLL, and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 142.

97.     Due to Defendants' violations of the NYLL, Plaintiff and the Class members are entitled to recover from Defendants their unpaid overtime wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

**AS AND FOR A THIRD CAUSE OF ACTION**
**(Failure to Pay Lawful Minimum Wages in Violation of 29 U.S.C. § 206(a)(1))**

98.     Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

99.     At all relevant times herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, et seq.

100.     The Individual Defendants exercise control over the nature and structure of the employment relationship and economic control over the relationship such that they are "employers" under the FLSA and NYLL and are therefore individually subject to liability.

101.     The Corporate Defendants are subject to the minimum wage requirements of the FLSA because they acted as an enterprise engaged in interstate commerce and its employees are engaged in commerce.

102.     Defendants, pursuant to its policy and practice, violated the FLSA by refusing and failing to pay Plaintiffs and the Collective Class the minimum wage.

103.     Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from minimum wage obligations, none of which apply to Plaintiff or the Collective Class.

104.     Plaintiff and the Collective Class are victims of a uniform and employer-based compensation policy.

105.     Upon information and belief, the abovementioned uniform policy, in violation of the FLSA, has been applied, and continues to be applied, to Plaintiff and the Collective Class throughout Defendants' U.S. operations.

106.     Defendants have acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and other similarly situated employees, in addition to payment of back minimum wages, are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages described pursuant to Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b).

107.      Alternatively, should the Court find Defendant did not act willfully in failing to pay minimum wage, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

### AS AND FOR A FOURTH CAUSE OF ACTION
**(Failure to Pay Lawful Minimum Wages in Violation of NYLL § 652 and Article 19)**

108.     Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

109.     At all relevant times, Plaintiff was an employee and the Corporate Defendants have been an employer within the meaning of the NYLL.

110.     The Individual Defendants exercise control over the nature and structure of the employment relationship and economic control over the relationship such that they are "employers" under the FLSA and NYLL and are therefore individually subject to liability.

111.    The minimum wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants.

112.    Defendants have failed to pay Plaintiff and the Class the minimum wages to which they were entitled under the NYLL.

113.    By Defendants' failure to pay Plaintiff and the Class minimum wages, they have willfully violated Article 19, §§ 652 et seq. of the NYLL, and the supporting New York State Department of Labor Regulations.

114.    Due to Defendants' violations of the NYLL, Plaintiff and the Class are entitled to recover from Defendants their unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### AS AND FOR A FIFTH CAUSE OF ACTION
**(Violation of New York Labor Law §§ 190, *et seq*., and 650, *et seq*.: Spread of Hours Pay)**

115.     Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

116.    During the Class Period, Defendants willfully failed to pay Plaintiffs and the members of the Class an additional hour's pay at the basic minimum hourly wage rate for every day that they worked a spread of hours that exceeded ten (10) hours or a shift in excess of ten (10) hours.

117.    By Defendants' failure to pay Plaintiffs and the Class Members spread-of-hours pay, Defendant has willfully violated the NYLL Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, including, but not limited to, 12 N.Y.C.R.R.§ 142-2.4.

118.    Due to Defendants' violations of the NYLL, Plaintiffs and the members of the Class are entitled to recover from Defendants their unpaid wages, reasonable attorneys' fees,

costs, pre-judgment and post-judgment interest, liquidated damages and other compensatory and equitable relief pursuant to NYLL Article 6 § 190, et seq., and Article 19 § 650, et seq.

119.     In light of Defendants' longstanding and ongoing violations of NYLL and applicable regulations, Defendants' failure to pay current employees their wages due has caused and is causing irreparable injury to those Class members who are currently employed by Defendants, and unless enjoined, will cause further irreparable injury, leaving those Class members with no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all members of the Collective Class and the Class pray for relief as follows:

A.     That the Court determine that this action may proceed as a class action under Rule 23(b)(1) and (3) of the Federal Rules of Civil Procedure;

B.     That Defendants are found to have violated the provisions of the NYLL as to Plaintiff and the Class;

C.     That Defendants are found to have violated the FLSA as to Plaintiff and the Collective Class;

D.     That Defendants' violations as described above are found to be willful;

E.     An award to Plaintiff, the Collective Class, and the Class for the amount of unpaid wages owed, including interest thereon, and penalties, including liquidated damages, subject to proof at trial;

F.     That Defendants further be enjoined to cease and desist from unlawful activities in violation of the FLSA and NYLL;

G.     An award of reasonable attorneys' fees and costs pursuant to the NYLL and 29 U.S.C. § 216 and/or other applicable law; and

18

H.      For such other and further relief, in law or equity, as this Court may deem

appropriate and just.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial

by jury as to all issues so triable.

DATED:  September 17, 2014

HARRIS, O'BRIEN, ST. LAURENT &
CHAUDHRY, LLP

_____
Andrew M. St. Laurent
Alexander Sakin
111 Broadway, Suite 1502
New York, NY 10006
(212) 397-3370

*Attorneys for Plaintiffs and the Proposed Class*

## CONSENT TO JOIN COLLECTIVE ACTION

### (FAIR LABOR STANDARDS ACT, 29 U.S.C. § 216(b))

I hereby consent to opt in to and become a party to the collective action entitled *Robinson et al. v. Merchant Source Inc. et al.* I understand and agree that by joining in this action, I will be bound by any adjudication of the Court in this action.

I understand the lawsuit includes allegations that the defendants have failed to properly pay employees for all hours worked, including overtime. I am, or was, employed by the defendants, during some or all of the period from three years prior to the filing of the lawsuit to the date of this consent. This lawsuit has been brought on my behalf and on the behalf of all similarly situated employees of the defendants, pursuant to Section 16(b) of the Fair Labor Standards Act, the New York State Labor Laws and any other applicable laws. I understand that the lawsuit seeks to recover unpaid overtime compensation, liquidated damages, attorneys' fees, costs and other relief.

_____  8/8/14
Signature & Date

_____
Printed Name

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓     REDACTED

Address

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓          REDACTED

Phone number

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓           REDACTED

Email address (if applicable)

## CONSENT TO JOIN COLLECTIVE ACTION

### (FAIR LABOR STANDARDS ACT, 29 U.S.C. § 216(b))

I hereby consent to opt in to and become a party to the collective action entitled *Robinson et al. v. Merchant Source Inc. et al.* I understand and agree that by joining in this action, I will be bound by any adjudication of the Court in this action.

I understand the lawsuit includes allegations that the defendants have failed to properly pay employees for all hours worked, including overtime. I am, or was, employed by the defendants, during some or all of the period from three years prior to the filing of the lawsuit to the date of this consent. This lawsuit has been brought on my behalf and on the behalf of all similarly situated employees of the defendants, pursuant to Section 16(b) of the Fair Labor Standards Act, the New York State Labor Laws and any other applicable laws. I understand that the lawsuit seeks to recover unpaid overtime compensation, liquidated damages, attorneys' fees, costs and other relief.

*Kelly Jarvis*
Signature & Date

*Kelly Jarvis*
Printed Name

█████████████████████████  REDACTED
Address

██████████████  REDACTED
Phone number

██████████████  REDACTED
Email address (if applicable)